Juan SUAREZ–SEJA, Plaintiff,

v.

Herman R. LANDON, District Director of Immigration and Naturalization, Department of Justice, District No. 16, Defendant.

No. 16654.

United States District Court,
S. D. California, Central Division.

Sept. 23, 1954.

Harry Wolpin, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Chief of Civil Division, Andrew J. Davis, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Suarez-Seja alleges that he is an alien admitted to the United States for permanent residence in 1910; that an order for his deportation was issued by Landon on or about December 16, 1953; that the order resulted from a hearing conducted pursuant to Section 242(b) of the Immigration and Nationality Act of 1952 in which the immigration authorities determined that he was an alien who, after entry into the United States, was a member of the Communist Party; that the procedure of Section 242(b) does not conform with the requirements of due process and therefore an order based on such hearing is invalid.

If, as a matter of law, a deportation hearing conducted pursuant to Section 242(b) of the 1952 Act conforms with the requirements of due process, and if, as a matter of law, an alien may be deported on the ground that after entry he was a member of the Communist Party of the United States, then the plaintiff has failed to state a claim upon which relief can be granted.

In Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, it was held that deportation proceedings must conform with the requirements of the Administrative Procedure Act if resulting orders were to have validity. Following that decision, Congress, by a rider to the supplemental appropriations bill enacted in September, 1950, 64 Stat. 1048, exempted "Proceedings under law relating to the exclusion or expulsion of aliens" from the provisions of Sections 5, 7 and 8 of the Administrative Procedure Act, 5 U.S.C.A. §§ 1001 et seq., 1004, 1006, 1007. This rider was repealed by the 1952 Act, Section 403(47). With the repeal of the rider Congress enacted Section 242(b) of the 1952 Act, 8 U.S.C.A. § 1252(b), which specifically prescribes the procedure to be followed in deportation cases and includes a provision that "the procedure so prescribed shall be the sole and exclusive procedure for determining the deportability of an alien under this section."

The Fifth Circuit in Marcello v. Ahrens, 212 F.2d 830, 836, after noting the pertinent provisions of the Administrative Procedure Act and the " 'sole and exclusive' procedure" provision of Section 242(b) of the 1952 Act, said: "It is fundamental that a prior statute must yield

to a subsequent valid act of Congress insofar as the statutes are repugnant. We hold, therefore, that to the extent the proceedings prescribed by section 242(b) are inconsistent with the Administrative Procedure Act, the requirements of the latter Act are inapplicable to the deportation proceedings." The court further stated that "the Administrative Procedure Act is not the sole criterion of due process of law", and found the hearing under the procedures set out in the 1952 Act was a fair one and not in violation of due process.

Section 242(b) is intended to provide an alien with a fair hearing by requiring that he be given (1) reasonable notice of the nature of the charges against him (2) the privilege of being represented by counsel (3) reasonable opportunity to examine the evidence against him, to present evidence in his own behalf and to cross examine witnesses presented by the Government. The section also provides that "no decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence."

The plaintiff in the instant case does not deny that his hearing was conducted pursuant to the provisions of Section 242(b) of the Immigration and Nationality Act of 1952, nor does he deny that the decision was based upon "reasonable, substantial, and probative evidence." He contends that the Administrative Procedure Act, and not Section 242(b), is applicable to deportation proceedings because (1) Congress so intended, and (2) due process requires it. However, I agree with the court in the Marcello case that to the extent that the proceedings prescribed by Section 242(b) are inconsistent with the Administrative Procedure Act, the requirements of the latter Act are inapplicable to deportation proceedings. Furthermore, a deportation proceeding conducted pursuant to the provisions of Section 242(b) is in conformity with the requirements of due process of law.

Section 241(a) (6) (A) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1251(a) (6) (A), pro-vides the statutory authority to deport an alien who, after entry into this country, has been a member of the Communist Party of the United States. In the light of the decision in Galvan v. Press, 1954, 347 U.S. 522, 74 S.Ct. 737, the constitutionality of this provision cannot be doubted.

The action is dismissed for failure to state a claim upon which relief can be granted.

Defendant is requested to prepare, serve and lodge a formal order for settlement in accordance with local rule 7.